UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ISMAEL PADILLA, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>SECOND CIRCUIT COURT OF APPEALS, )<br>*et. al.*, )<br>)<br>Defendants. ) | Case No.: 2:23-cv-01511-GMN-BNW<br><br>**ORDER ADOPTING<br>REPORT AND RECOMMENDATION** |

Pending before the Court is the Order and Report and Recommendation ("R&R"), (ECF No. 37), from United States Magistrate Judge Brenda Weksler, which recommends denying Plaintiff's Motion for Summary Judgment because his Complaint has not yet survived screening. The Court screened Plaintiff's first Complaint and dismissed his claims with leave to amend. (Order, ECF No. 34).

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. R. IB 3-2(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

Plaintiff filed an untimely objection to the Magistrate Judge's R&R. (Objection, ECF No. 43). However, given Plaintiff's *pro se* status, the Court will make a *de novo* determination as to whether Plaintiff's Motion for Summary Judgment should be denied without prejudice. Plaintiff's objection does not explain why his Motion for Summary Judgment should not be

denied, but rather asks for due process and for the Court to grant him summary judgment. (*See generally* Objection). Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity (28 U.S.C. § 1915A), or in which a plaintiff proceeds in forma pauperis (28 U.S.C. § 1915(e)(2)(B)). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is: (1) frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Until Plaintiff files amended complaint that survives screening, the Court is unable to grant summary judgment.

The Court therefore ADOPTS the Report and Recommendation and dismisses Plaintiff's Motion for Summary Judgment without prejudice. Plaintiff may re-file a Motion for Summary Judgment after Plaintiff's Complaint has survived screening by the Court, and after the Court has ordered Plaintiff's Complaint served upon Defendants. The Court will issue a scheduling order containing a deadline for filing Motions for Summary Judgment.

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 37), is **ACCEPTED and ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 32), is **DENIED** as moot.

Dated this __24__ day of June, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court