**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| ISMAEL PADILLA, | Case No. 2:23-cv-01511-GMN-BNW |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| SECOND CIRCUIT COURT OF APPPEALS, et al., | |
| Defendants. | |

On May 22, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis* and screened his complaint. ECF No. 34. Although the Court dismissed Plaintiff's claims, it allowed Plaintiff leave to amend and gave him until June 22, 2024 to file an amended complaint. *Id.* The Court thrice reminded Plaintiff of his amended complaint deadline. *See* ECF Nos. 37, 38, 40. Despite these reminders, Plaintiff failed to comply with the deadline and to date has not filed an amended complaint. As a result, the Court recommends that Plaintiff's case be dismissed without prejudice.

The law permits a district court to dismiss an action based on a party's failure to comply with a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less-drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third

1  factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of
2  injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court
3  or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth
4  factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

5      The fifth factor requires the Court to consider whether less-drastic alternatives can be used
6  to correct the party's failure that brought about the Court's need to consider dismissal. Courts
7  "need not exhaust every sanction short of dismissal before finally dismissing a case, but must
8  explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th
9  Cir. 1986). Because this action cannot proceed without an operative complaint, the only
10 alternative is to enter another order setting another deadline. The circumstances here do not
11 indicate that Plaintiff needs additional time, as the Court thrice reminded him of the amended
12 complaint deadline. Therefore, setting another deadline is not a meaningful alternative, especially
13 given that Plaintiff has disregarded the Court's prior instruction to refrain from filing motions
14 before his complaint survived screening. *See, e.g.*, ECF Nos. 12, 24, 27, 33, 37, 40, 42 So, the
15 fifth factor favors dismissal.

16     In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City
17 of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holding that dismissal is proper where at least four
18 factors support dismissal or where at least three factors "strongly" support dismissal).

19     **IT IS THEREFORE RECOMMENDED** that this action is **DISMISSED without**
20 **prejudice** for failure to comply with the Court's amended complaint deadline.

21 / / /
22 / / /
23 / / /

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 15, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE