**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Ismael Padilla, | Case No. 2:23-cv-01511-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER and REPORT and RECOMMENDATION** |
| Second Circuit Court of Appeals, et al., | |
| Defendants. | |

On May 22, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis* and screened his complaint. ECF No. 34. Although the Court dismissed Plaintiff's claims, it allowed Plaintiff leave to amend and gave him until June 22, 2024 to file an amended complaint. *Id*. No amended complaint was filed by that date. As a result, on July 15, 2024, the Court recommended that the case be dismissed without prejudice. ECF No. 46.

On July 30, 2024, Plaintiff filed a "Motion for Discrimination and Request for Relief," which the Court construes as an amended complaint. As explained below, given Plaintiff's new filing, the Court will (1) vacate the recommendation for dismissal at ECF No. 46 and (2) screen the amended complaint filed at ECF No. 48. In addition, given the Court construes Plaintiff's motion at ECF No. 48 as an amended complaint, it will deny Plaintiff's objection at ECF No. 43 as moot.

**I.   Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

1  F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient
2  factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*
3  *v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only
4  dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of
5  his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.
6  2014) (*quoting Iqbal*, 556 U.S. at 678).

7  In considering whether the complaint is sufficient to state a claim, all allegations of
8  material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*
9  *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
10 Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
11 must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.
12 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But
13 unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se
14 plaintiff should be given leave to amend the complaint with notice regarding the complaint's
15 deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

16 "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a
17 right secured by the Constitution or laws of the United States was violated, and (2) that the
18 alleged violation was committed by a person acting under the color of State law." *Benavidez v.*
19 *Cty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *West v. Atkins*, 487 U.S. 42, 48
20 (1988)).

21 **II.    Screening the Complaint**

22 Mr. Padilla's complaints all center around the alleged unconstitutional infirmities
23 surrounding his trial. He alleges the trial court has "no evidence to uphold sentences" and that it
24 "discriminated the petitioner by failing to grant relief based on basic judicial doctrine." Lastly,
25 Mr. Padilla references the denial of a habeas claim. In addition, based on the caption of the
26 complaint, it appears that Mr. Padilla takes issue with a trial that took place in either the Second
27 or Firth Circuit. There is no indication that the infirmities he complains of took place in Nevada.
28

In *Heck v. Humphrey*, the United States Supreme Court held that if a judgment in favor of a plaintiff in a civil-rights action would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Heck v. Humphrey,* 512 U.S. 477, 86–87 (1994). Thus, the relevant question in a § 1983 suit is whether success would "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Id*. at 487.

Here, Mr. Padilla alleges that the constitutional violations (and discrimination) that took place during his trial played a role in his conviction and/or sentence. If so, a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction and/or sentence. Plaintiff refers to a denied habeas claim, making clear his conviction (or sentence) has not been reversed or otherwise invalidated. As such, these constitutional claims are barred under *Heck.* In addition, these types of claims must be brought pursuant to a writ of habeas corpus under 28 U.S.C. § 2254. *Milewski v. Kohn*, No. 319CV00095MMDWGC, 2019 WL 1117909, at *2 (D. Nev. Mar. 11, 2019).

Lastly, the Court notes that this is not the correct venue for this claim as the alleged constitutional violations did not take place in Nevada and there are no Defendants named in the complaint who reside in Nevada. *See* 28 U.S.C. § 1391. As a result, the Court recommends that this case be dismissed without prejudice but without leave to amend.

### III.  Conclusion

**IT IS THEREFORE ORDERED** that the Court's Report and Recommendation (ECF No. 46) be vacated.

**IT IS FURTHER RECOMMENDED** that Plaintiff's amended complaint (ECF No. 48) be dismissed without prejudice and without leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff' objection (ECF No. 43) be denied as moot.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 1, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE